UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Maxime Kien, et al.,<br><br>        Plaintiffs<br><br>v.<br><br>Allied Van Lines, Inc.<br><br>        Defendant | Case No. 2:24-cv-01153-CDS-EJY<br><br>**Order Granting Defendant's Motion in limine and Denying Plaintiffs' Motion to Reopen Discovery Dates**<br><br>[ECF Nos. 19, 20] |

      Plaintiffs Maxime Kien and Jennifer Kien bring this action against defendant Allied Van Lines, Inc., alleging a violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Am. compl., ECF No. 8. On June 18, 2025, Allied Van Lines filed a motion in limine to exclude evidence and witnesses due to the plaintiffs' discovery noncompliance. Mot., ECF No. 19.

      In the motion in limine, Allied Van Lines states that the plaintiffs have "failed to participate in discovery, as they did not serve initial disclosures, failed to appear for their depositions, and did not respond to requests for production or interrogatories." ECF No. 19 at 2. Thus, Allied Van Lines concludes that the plaintiffs must be precluded from introducing evidence at trial regarding their claimed damages. *Id.* at 4.

      In the plaintiffs' response, they oppose the motion in limine[1] and simultaneously request that I re-open the discovery dates "so that this case may be heard on the merits." Resp., ECF No. 20. The response states: "Counsel for Plaintiffs asks this Court and the Defendant to show mercy on counsel. Counsel for Plaintiff was having personal and family problems during the discovery phase that was ordered by this Court." *Id.* at 2. Counsel for plaintiffs further explains that the delay in complying with the discovery deadlines "was caused by mental health issues namely

---

[1] The motion is fully briefed. *See* Reply, ECF No. 22.

depression and stress related to moving out of the family home, and the breakup of his family unit." *Id.* at 3.

I.     Discussion

    District courts have "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)). To demonstrate a modification of the discovery scheduling order is warranted, the moving party must demonstrate good cause. Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The "good cause" requirement primarily considers the diligence of the party seeking the extension. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

    Further, Federal Rule of Civil Procedure 26 requires that "a party must, without awaiting a discovery request" provide an opposing party with certain initial disclosures. Fed. R. Civ. P. 26(a)(1)(A). If a party fails to comply with Federal Rule of Civil Procedure 26, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure to do so was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The burden is on the party facing exclusion to prove the delay was justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). The Ninth Circuit has made clear that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Continental Lab. Prods., Inc. v. Medax Int'l., Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). And, if a party, under Rule 37, seeks to preclude the introduction of evidence which amounts to dismissal of a claim, when the court conducts its harmlessness inquiry under Rule 37, the court must make a finding of willfulness or bad faith. *Perry v. Brown*, 2019 U.S. Dist. LEXIS 220596, at *9 (C.D. Cal. June 11, 2019) (citing *R&R Sails Inc. v. Ins Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012)).

Allied Van Lines seeks to exclude all evidence related to damages, and damages are a required element of the plaintiffs' claim, meaning if I grant the defendant's motion in limine, it will be tantamount to dismissal of the claim. *See Newens v. Orna Servs.*, 2002 U.S. Dist. LEXIS 10685, at *6 (N.D. Cal. June 10, 2002) (explaining that a plaintiff must allege three elements to establish a prima facie case of a violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition; (2) damage of the goods before delivery to their final destination; and (3) **the amount in damages** (emphasis added)). Therefore, when conducting the "harmlessness inquiry required under Rule 37(c)(1)," I may only preclude introduction of the evidence if the plaintiffs' failure to engage in the discovery process was willful or in bad faith. *R&R Sails Inc.*, 673 F.3d at 1247.

Allied Van Lines' motion intersects with the plaintiffs' request to reopen discovery. This court is undoubtedly empathetic to plaintiffs' counsel's personal challenges, but the court must evaluate the record and pending motions in accordance with the rules and applicable authority. The requirements of Federal Rule of Civil Procedure 26 are that "a party must, without awaiting a discovery request" provide an opposing party with certain initial disclosures, and if a party fails to comply, then that party is not allowed to use that information without demonstrating the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 26(a)(1)(A); Fed. R. Civ. P. 37(c)(1).

The record supports that the plaintiffs' failure to engage in discovery was not done in bad faith. The court recognizes that suffering a mental health crisis can be overwhelming and all-consuming. Unfortunately, however, the court does find that plaintiffs' counsel's failure to engage in discovery was willful, therefore neither justified nor harmless. As a threshold matter, the plaintiffs' request to reopen discovery violates this district's Local Rules. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). While a violation of the Local Rules isn't the crux of the issue here, it highlights the effect of plaintiffs' counsel's failure to

3

engage in discovery. The court is left bewildered by the fact that even after Allied Van Lines filed its motion in limine, plaintiffs' counsel failed to file a motion for relief related to discovery. Plaintiffs' counsel also provides no explanation as to why he did not reach out to his colleagues for help. Indeed, plaintiffs' counsel is not a solo practitioner; his law firm employs six other lawyers. Given that plaintiffs' counsel is required to provide diligent representation to his client,[2] it is unclear to this court why plaintiffs' counsel did not seek assistance in managing this case so that he could focus on his mental health. Further evincing of plaintiffs' counsel's willful failure to participate in discovery is the fact that even after receiving deposition notices and requests for production, dated over six months ago, he failed to participate. *See* Dep. notice, Def.'s Ex. A, ECF No. 19-1 at 4; Req. for produc., Def.'s Ex. B, ECF No. 19-2. Finally, it has been nine months since the parties filed their stipulated discovery plan and scheduling order. *See* Stip., ECF No. 15. Plaintiffs' counsel had ample time to either prepare discovery or reach out to opposing counsel or this court for additional time once he realized he was struggling to stay on top of deadlines but failed to do so. Consequently, the record leaves this court with no option but to find willful conduct on behalf of plaintiffs' counsel, so pursuant to Rule 37, Allied Van Lines' motion in limine is granted. Plaintiffs are precluded from introducing evidence at trial related to damages. Because I grant the motion in limine, and for the same reasons as described above, I deny the plaintiffs' motion to reopen the discovery deadlines.[3]

---

[2] *See* Nevada Rule of Pro. Conduct 1.3.

[3] In determining whether to re-open discovery, courts consider: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

4

II.     Conclusion

IT IS THEREFORE ORDERED that Allied Van Lines' motion in limine [ECF No. 19] is GRANTED.[4]

IT IS FURTHER ORDERED that plaintiffs' motion to reopen discovery [ECF No. 20] is DENIED.

IT IS FURTHER ORDERED that, given there is a pending motion for summary judgment (ECF No. 18), the parties are required to provide supplemental briefing, no later than **August 29, 2025**, on how this order affects the motion for summary judgment.

Dated: August 15, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] Allied Van Lines alludes to a request that the court preclude plaintiffs' claims for attorney's fees. *See* ECF No. 19 at 2. However, Allied Van Lines does not provide meaningful argument as to how it is entitled to this request, so the extent this request was included in their motion in limine, it is denied without prejudice.

5