UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Maxime Kien, et al., | Case No. 2:24-cv-01153-CDS-EJY |
| Plaintiffs | **Order Granting the Defendant's Motion for Summary Judgment and Denying as Moot Defendant's Motion for Partial Judgment** |
| v. | |
| Allied Van Lines, Inc., | [ECF Nos. 18, 26] |
| Defendant | |

Plaintiffs Maxime Kien and Jennifer Kien brought this breach of contract, breach of the covenant of good faith and fair dealing, and declaratory relief action against defendant Allied Van Lines, Inc. in the Eighth Judicial District Court. Allied removed this action because the plaintiffs' claims were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. *See* Pet. for removal, ECF No. 2. After removal, the plaintiffs filed an amended complaint seeking relief under 49 U.S.C. § 14706. *See* Am. compl., ECF No. 8. On June 18, 2025, Allied filed a motion for summary judgment. *See* Mot. for summ. j., ECF No. 18. This motion is fully briefed. *See* Resp., ECF No. 21; Reply, ECF No. ECF No. 23.

On the same day that Allied filed its summary judgment motion, it also filed a motion in limine. ECF No. 19. On August 15, 2025, I granted the motion in limine, finding that the plaintiffs were precluded from introducing evidence at trial related to damages. *See* Order, ECF No. 24. In that same order, I ordered that the parties provide supplemental briefing no later than August 29, 2025, on how the order granting the motion in limine affects the motion for summary judgment. *Id.* at 5. In turn, Allied filed a supplement to the motion for summary judgment on August 29, 2025. *See* Suppl., ECF No. 25. That same day, Allied also filed a motion for entry of judgment on partial findings. Mot. for j., ECF No. 26. But the plaintiffs' counsel did not file supplemental briefing. Instead, counsel responded to the motion for judgment, *see* Resp., ECF

No. 27, and Allied filed a reply. Reply, ECF No. 28. For the reasons stated herein, I grant Allied Van Lines' motion for summary judgment and deny as moot their motion for judgment.

I.      **Background**[1]

The plaintiffs bring one claim under 49 U.S.C. § 14706. ECF No. 8. On May 24, 2023, Allied Van Lines entered into a moving services contract agreement with the Kiens to pack, transport, and unpack their personal belongings from their home on Chateau Whistler Court, Las Vegas, NV 89148 to a home on Crestwood Dr., West Orange, New Jersey, 07052. *See* Contract, Def.'s Ex. A., ECF No. 18-1. Pursuant to the bill of lading, the estimated charges were $28,009.34, and the Kiens purchased the $125,000.00 extra care protection as part of the agreement. *See* Bill of Lading, Def.'s Ex. C, ECF No. 18-3.

Once the packages arrived, the plaintiffs realized that there were items missing from the kitchen, and thereafter, submitted a claim to Allied regarding the missing items on January 28, 2024. ECF No. 8 at 3, ¶¶ 12, 14. The plaintiffs claim a loss of personal items in the amount of $23,928.89. *Id.* at ¶ 15. The plaintiffs allege that Allied is in breach of their agreement to compensate the plaintiffs for their lost items. *Id.* at 3–4, ¶ 19. As a result, the plaintiffs filed this action.

II.     **Legal standard**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine

---

[1] Unless otherwise noted, the court only cites to the plaintiffs' amended complaint (ECF No. 8) to provide context to this action, not to indicate a finding of fact.

issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because the plaintiffs bear the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiffs' case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250–51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

**III.     Discussion**

Allied argues that summary judgment is appropriate due to the plaintiffs' failure to prosecute their claim through discovery. ECF No. 18 at 3. Specifically, Allied asserts that the plaintiffs failed to participate in discovery, as they did not serve initial disclosures, appear for their depositions, or respond to requests for production. *Id.* at 5. Moreover, it asserts that the plaintiffs have failed to put forth material facts that it caused the plaintiffs' injuries. *Id.*

The plaintiffs oppose the motion, in part, asserting the same arguments raised in their response to the motion in limine. *See* ECF No. 21 at 2; *see also* Resp. to mot. in limine, ECF No. 20 at 2. They further assert that the only rationale for the motion for summary judgment is their error in the discovery process. ECF No. 21 at 2. Moreover, while the plaintiffs cite the standard for a motion for summary judgment, they do not create a genuine issue of material fact for this court to consider. *See* ECF No. 21 at 2–4. Instead, they ask the court to grant their motion to

continue (ECF No. 20 at 4)—that was improperly included[2] in their response to the motion in limine—to allow facts to be discovered and for the case to proceed on the merits. *Id.* at 3–4.[3] The plaintiffs provide no specific reasoning as to the merits of the defendant's motion for summary judgment.

Because I find that the plaintiffs have not provided the court with sufficient bases to reconsider my order granting the motion in limine, that order stands. *See also United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citation omitted) (explaining that the Supreme Court has recognized "a ruling on a motion in limine is an opinion that falls entirely within the discretion of the district court"). And because an essential element of the claim is not supported by the plaintiffs' (lack of) evidence or arguments, that is damages, I find that there is no genuine issue of material fact in dispute.[4]

"The Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property." *See White v. Mayflower Transit, L.L.C.*, 543 F.3d 581, 584 (9th Cir. 2008) (citing *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687–88 (9th Cir. 2007). The purpose of this amendment was to provide "a uniform national liability policy for interstate carriers." *See id.* (citing *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992)).

---

[2] Local Rule IC 2-2 requires that "for each type of relief requested . . . a separate document must be filed, and a separate event must be selected for that document." LR IC 2-2.

[3] Although improper, for judicial efficiency, I in part consider the plaintiffs' response to be a request for reconsideration of my prior order granting the motion in limine and denying the plaintiffs' motion to reopen discovery dates. ECF No. 21. Here, counsel has provided no support to warrant reconsideration of my order. While the court remains empathetic regarding counsel's prior personal challenges, counsel has not provided this court with any assurance that there will now be adherence to new discovery deadlines, and active communication with opposing counsel. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (explaining a motion to reconsider must set forth some valid reason why the court should reconsider its prior decision by presenting facts or law of a strongly convincing nature).

[4] *See* ECF No. 8 at ¶¶ 15, 25 (The plaintiff's only allegation as to damages is found in their complaint, totaling a cost of $23,928.89).

To prevail on a claim under a Carmack Amendment, a plaintiff must demonstrate three elements: (1) the goods were delivered to the carrier in good condition; (2) "the goods were damaged or loss while in the carrier's possession"; and (3) damages. *See ASARCO LLC v. Eng. Logistics Inc.*, 71 F. Supp. 3d 990, 994 (D. Ariz. 2014) (citing *Missouri P.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964)). After a plaintiff makes this showing, the burden is on the carrier to show that the damage was caused by the shipper himself or by the inherent vice or nature of the goods. *Thousand Springs Trout Farms, Inc. v. IML Freight, Inc.*, 558 F.2d 539, 542 (9th Cir. 1977). The Carmack Amendment establishes a covered carrier is considered liable for damages that it causes to property it transports in the amount of the "actual loss or injury to the property." *See Forman Motorworks, LLC v. Sema Logistics, Inc.*, 2025 U.S. Dist. LEXIS 154245, at *17 (D. Ariz. Aug. 8, 2025) (citing 49 U.S.C. § 11707(a)(1)).

Here, Allied argues that the plaintiffs offered no valid legal basis for denying the motion for summary judgment. ECF No. 23 at 2. I agree. The defendant further argues that the undisputed material facts show that the plaintiffs cannot meet the burden of proof on the essential element of their claim. *Id.* I also agree. The plaintiffs have neither raised any arguments on how there is a genuine issue of material fact as to their Carmack claim nor provided any evidence to support a finding of the damages. *See Moalem v. FedEx Ground Package Sys., Inc.*, 2021 U.S. Dist. LEXIS 269008, at *7 (D. Nev. Mar. 9, 2021) (granting summary judgment when the court found that the plaintiff offered no evidence that his damages were foreseeable under the Carmack Amendment). So I find that there are no disputed issues of material fact regarding the plaintiffs' damages under the Carmack Amendment, and Allied's motion for summary judgment is granted.[5] Further, because its summary judgment motion granted, I deny as moot its motion for judgment.

---

[5] Because I grant the motion for summary judgment, I do not address nor award the plaintiffs' attorney's fees sought in their complaint. *See* ECF No. 8 at 5; *see also MSIG Mingtai Ins. Co., Ltd v. In-Depth Transp. Inc.*, 2025 U.S. Dist. LEXIS 128512, at * 12 (C.D. Cal. June 30, 2025) (explaining that the Carmack Amendment does not authorize an award of attorney's fees).

III.    Conclusion

IT IS HEREBY ORDERED that the defendant's motion for summary judgment [ECF No. 18] is GRANTED, and its motion for judgment [ECF No. 26] is DENIED as moot.

The Clerk of Court is kindly directed to enter judgment in favor of the defendant, and to close this case.

Dated: January 14, 2026

_____
Cristina D. Silva
United States District Judge

6